IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT REEDOM, | ) | CIVIL 13-00482 LEK-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SABRA CRAPPELL and STATE FARM | ) | |
| MUTUAL AUTOMOBILE INSURANCE | ) | |
| COMPANY, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
COMPLAINT BASED UPON PERSONAL INJURY FILED 09/23/13
AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN
<u>DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT</u>**

Before the Court are: (1) pro se Plaintiff Robert Reedom's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs, filed on September 23, 2013 ("Application"); and (2) Defendants Sabra Crappell ("Crappell") and State Farm Mutual Automobile Insurance Company's ("State Farm," collectively "Defendants") Motion to Dismiss Complaint Based upon Personal Injury Filed 09/23/13 ("Motion"), filed on October 21, 2013.  [Dkt. nos. 3, 12.]  Plaintiff filed his memorandum in opposition to the Motion on November 18, 2013, and Defendants filed their reply on November 25, 2013.  [Dkt. nos. 16, 15.]

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of

Hawai`I ("Local Rules").  After careful consideration of the Motion and Application, supporting and opposing memoranda, and the relevant legal authority, Defendants' Motion is HEREBY GRANTED, and Plaintiff's Application is HEREBY DENIED AS MOOT. While Plaintiff raises serious and important claims, the Court is not the proper place to file these claims because a federal court has jurisdiction only if there is a federal question or if there is complete diversity of citizenship.  Here, because Plaintiff and Crappell are both residents of the State of Louisiana, there is not complete diversity.  Therefore, as set forth more fully below, this Court does not have the required jurisdiction in this case.

## BACKGROUND

The Complaint alleges that Plaintiff and Crappell are residents of the State of Louisiana.  The Complaint also alleges that State Farm is an insurance company located in the State of Illinois.  [Complaint at ¶¶ 3-5.]

The Complaint asserts the following causes of action:

> COUNT NUMBER 1 [("Count I")]
> 6.   THE DEFENDANT IN AN ARBITRARY AND CAPRICIOUS WAY HAVE [sic] CONTRIBUTED TO THE PERSONAL INJURIES OF THE PLAINTIFF, . . . IN WHICH HE HAS SERIOUS BACK AND NECK INJURIES WHICH HAS MADE HIM DISABLED FOR LIFE.  ROBERT REEDOM WAS INJURED ON APRIL 24, 2013 AS A RESULT OF GROSS NEGLIGENCE AND HIS LIFE HAS BEEN A NIGHTMARE EVER SENSE [sic].
>
> COUNT NUMBER 2 [("Count II")]
> 7.   THE DEFENDANT IS IN SERIOUS VIOLATIONS OF STATE AND FEDERAL LAWS WHICH RELATED [sic] TO

> SERIOUS SPINAL AND BACK INJURIES AS THEY RELATE TO AUTOMOBILE ACCIDENTS AND INDIVIDUALS[.]
>
> COUNT NUMBER 3 [("Count III")]
> 8. THE DEFENDANTS DELIBERATELY GROSS NEGLIGENCE [sic] IN NOT PROVIDING ADEQUATE CARE AND ASSISTANCE TO THE PLAINTIFF WHO IS INJURED FOR LIFE[.]
>
> COUNT NUMBER 4 [("Count IV")]
> 9. THE DEFENDANT TOOK ADVANTAGE OF THE PLAINTIFF BECAUSE HE IS DISABLED AND THEY HAVE REFUSED TO PROVIDE THE PLAINTIFF ROBERT WITH AMPLE HEALTH CARE ASSISTANCE HIM AMPLE ASSISTANCE [sic] WITH HIS SPINAL AND BACK CARE INJURIES WHICH WERE A RESULT OF THERE [sic] GROSS NEGLIGENCE IN NOT PROVIDING A PROPER CARE AND HEALTH CARE ENVIRONMENT.
>
> COUNT NUMBER 5 [("Count V")]
> 10. THE DEFENDANTS HAS [sic] SHOWN TEY [sic] HAS [sic] NO INTENTIONS OF PROPERLY TAKING CARE OF THE PLAINTIFF'S ACCIDENT NEGLIGENCE ACCIDENT RELATED INJURIES AND HAVE CAUSE [sic] THE PLAINTIFF SEVERE MENTAL AND PHYSICAL STRESS IN THAT HE MAY NEVER BE ABLE TO PROPERLY WORK AND LIVE LIFE TO THE HIGH QUALITY STANDARDS THE [sic] HE ONCE LIVED[.]

[Id. at ¶¶ 6-10 (emphases omitted).] Plaintiff seeks damages in the amount of $20 million.

**STANDARD**

I. **Motion to Dismiss**

This district court has stated:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is

3

>   entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
>   . . . .
>
>   . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Paet v. Fernandez, Civil No. 13-00079 JMS-KSC, 2013 WL 840224, at *1 (D. Hawai`I Mar. 5, 2013) (alterations in Paet).

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

>   Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). . . .
>
>   On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility

4

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 554, 127 S. Ct. 1955).
>
> Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`I 2010).
>
> This Court, however, notes that the tenet that the court must accept as true all of the allegations contained in the complaint — "is inapplicable to legal conclusions." Iqbal, 129 S. Ct. at 1949. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. Id. at 1950.
>
> "Dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." Harris v. Amgen, Inc., 573 F.3d 728, 737 (9th Cir. 2009) (citation and quotation marks omitted).

Enriquez v. Countrywide Home Loans, FSB, 814 F. Supp. 2d 1042, 1055 (D. Hawai`I 2011) (some citations omitted).

## DISCUSSION

**I.   Subject Matter Jurisdiction**

Defendants argue, *inter alia*, that this Court lacks subject matter jurisdiction over the instant action, pursuant to Fed. R. Civ. P. 12(b)(1). [Mem. in Supp. of Motion at 3.] The Court agrees. "In order for a claim to be properly in the United States District Court, the Court must have either (1) federal

question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332." Smallwood v. NCSOFT, Civ. No. 09-00497 ACK-BMK, 2009 WL 3538469, at *1 (D. Hawai`I Oct. 29, 2009).

Even liberally construed, the Complaint does not allege a basis for federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]  The Complaint alleges violations of federal law, although it is unclear as to whether the allegation is against one or both Defendants.  [Complaint at ¶ 7.]  This statement, however, is merely conclusory, and is unsupported by factual allegations.

Federal courts may preside over state law claims pursuant to their diversity jurisdiction under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litig., 549 F.3d 1223, 1234 (9th Cir. 2008) (citation omitted).  The Complaint, however, does not allege a basis for diversity jurisdiction because it does not allege complete diversity of citizenship.  Plaintiff asserts that he is a resident of the State of Louisiana.  [Id. at ¶ 3.]  Although diversity may exist between Plaintiff and State Farm, the Complaint alleges that

---

[1] 28 U.S.C. § 1331 states:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Crappell is also a resident of the State of Louisiana.  [Id. at ¶¶ 4-5.]  The Court therefore finds that complete diversity does not exist in this case for jurisdictional purposes.  This Court concludes that it does not have jurisdiction over the claims alleged in Plaintiff's Complaint, and therefore this Court cannot grant Plaintiff any relief on his claims.

## II.    Failure to State a Claim

The Court notes that, even if Plaintiff were able to meet his burden in establishing subject matter jurisdiction, the Complaint does not contain factual allegations to support his claims.  Even construing the Complaint liberally, the Court cannot identify any plausible ground for any of Plaintiff's claims.  See Iqbal, 556, U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007))).  Insofar as the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted, Defendants' Motion is HEREBY GRANTED.  The Court further concludes that any amendment would be futile, and HEREBY DISMISSES the Complaint WITH PREJUDICE.  See Harris, 573 F.3d at 737.

Finally, insofar as the Court herein dismisses the Complaint, Plaintiff's Application is HEREBY DENIED AS MOOT.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion to Dismiss Complaint Based upon Personal Injury Filed 09/23/13, filed November 21, 2013, is HEREBY GRANTED.  Plaintiff's Complaint, filed September 23, 2013, is HEREBY DISMISSED WITH PREJUDICE.  Furthermore, Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 23, 2013, is HEREBY DENIED AS MOOT.  The Court DIRECTS the Clerk's Office to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 12, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**ROBERT REEDOM V. SABRA CRAPPELL, ET AL.; CIVIL NO. 13-00482 LEK-KSC; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT BASED UPON PERSONAL INJURY FILED 09/23/13 AND DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT**